MATTER OF SETO

In Section 248 Proceedings

A-14678775-6

*Decided by Acting Regional Commissioner August 25, 1965*

Since eligibility of an alien within the United States for status as a treaty trader under section 101(a)(15)(E), Immigration and Nationality Act, requires a showing that "substantial trade" is presently in existence between his country and the United States, an application under section 248 of the Act for change of nonimmigrant status from visitor for business to that of treaty trader, as agent in the United States for a Japanese company which has authorized the consignment sale of business machines, is denied an alien who has no office or inventories on hand in the United States, has presented no evidence to indicate that he has negotiated or is in the process of negotiating any contracts relative to his proposed trade, and has offered no documents such as bills of lading, invoices or statements to indicate the current existence of any international trade in which he might be engaged.

Discussion: These cases are before the Regional Commissioner on appeal from the District Director's decisions denying the applications.

The applicants are a 33-year-old male and his 29-year-old spouse, both natives and citizens of Japan. They entered the United States on September 5, 1964 at which time they were admitted as visitors for business for six months. On March 5, 1965 they applied for changes of their nonimmigrant status to those of treaty traders in order that the male applicant might act as an agent for a Japanese company and arrange for the shipment and consignment sale of American business machines to Japan.

The male applicant has submitted an affidavit wherein he alleges that he has been appointed exclusive agent in the United States for the Unitrex Calculator Company, Ltd. of Japan and that in this capacity he will act as an independent businessman purchasing used business machines in the United States for consignment to the above company who will locate buyers of such machines in Japan. He further stated that he hoped to eventually arrange for the importa-

tion to the United States of adding machines manufactured in Japan.

There was also submitted an undated statement from the President of the Unitrex Calculator Co., Ltd. of Tokyo, Japan which states in effect that the male applicant is authorized the consignment sale of all import-export transactions of business machines of the above company.

In an interview had with the male applicant on May 26, 1965, it was developed that he had neither bought nor sold any merchandise in the United States and that he had merely looked over the field of used business machines in the United States. He stated that the Unitrex Calculator Co., Ltd. which is capitalized at $20,000 acts as sales agents for the Unitrex Sales Company of Japan who manufactures calculators. He indicated that the two firms are in no way connected, even though there is a similarity in their names. He stated that, although he is presently the import manager of the Unitrex Calculator Company he has no authority to make binding business deals or contracts for such company.

He expects as a treaty trader to buy used cash registers after ordered to do so by the Unitrex Calculator Co. and take them to his brother-in-law's dry cleaning place in San Francisco where he will inspect, repair and crate the machines for shipment to Japan.

In denying these applications the District Director found:

The Unitrex Calculator Company, Ltd., has neither purchased merchandise, nor sold its products in the United States. Unitrex Calculator Company presently has no stocks of merchandise, inventories, warehouses, nor capitalization in the United States. Unitrex Calculator Company, Ltd., in Japan is capitalized in the United States at $20,000. It has not been established that Unitrex Calculator Company, Ltd., is a firm engaged in substantial international trade between the United States and Japan, as required by the Immigration and Nationality Act.

On appeal applicants' counsel submits that the District Director's decision would render the statute virtually meaningless since the prevention of an alien from entering to initiate foreign trade would, in effect, preclude such trade from ever beginning.

In order to qualify as a treaty trader under section 101(a)(15)(E) of the Act, the applicant must establish that he seeks to be in the United States to carry on substantial trade with Japan or that he is here to develop and direct the operations of an enterprise in which he has invested a substantial amount. It has been a long-established rule that to acquire treaty trader status while in the United States other than as an investor, the alien must show that the trade is presently in existence. *Tulsidas v. Insular Collector,* 262 U.S. 258, 264 (1923); *Tatsumi Masuda v. Nagle,* 55 F. (2d) 623

(1932). Existing trade includes successfully negotiated contracts which call for shipment abroad of goods or for the purchase of goods, in this country to be shipped abroad, even though no shipments have been made or received pursuant to such contracts. It does not include transactions merely in the state of negotiation without the existence of a current actual volume of trade. Substantial trade does not necessarily refer to the monetary value of the transactions but rather to the volume of the trade.

The male applicant is the sales representative in the United States. He has no office or inventories on hand in the United States. He has offered no documents such as bills of lading, invoices or statements to indicate the current existence of any international trade that he might be engaged in. In fact he has presented no evidence to indicate that he has negotiated or is in the process of negotiating any contracts or commitments relative to his proposed trade. On the record, neither applicant is classifiable as a treaty trader because the trade in which the male applicant proposes to engage has not reached the stage of development contemplated by section 101(a)(15)(E) of the Immigration and Nationality Act. They are, therefore, statutorily ineligible for the change of nonimmigrant status sought. Their appeals will be dismissed.

ORDER: It is ordered that the appeals be and the same are hereby dismissed.